33,813-06,07,08

CAUSE NO. 868139-B
868140-B
873521-B

Ex Parte                        §      In The 248th District Court APPEALS
                                §
Charles Claude Carlton          §      of           AUG 12 2015
                                §
Applicant                       §      Harris County, Texas
                                       Abel Acosta, Clerk

Objections And Response To
The Trial Court's Ruling
Pursuant To Texas Code of Criminal Procedure
Article 1107 (West 2013), Under Rule 73.4(2).

The report from the Department of Veteran's Affairs (diagnosis of P.T.S.D.) dated December 9, 2013 and attached to Applicant's Writ Application clearly shows a New Factual Basis in overcoming the procedural bar to Applicant's grounds for relief in this instant habeas proceeding. No mental issue of combat-related Post Traumatic Stress Disorder was ever known until July 2013, not at trial in 2002 on 1st habeas writ in 2008.

Exceptions to the Subsequent Writ Bar of
Article 11.07, Section 4

Burden of Proof Necessary Under Article's 11.073 and 11.07, §4

Basis:

Applicant Carlton's first ground in the instant 11.07 application, incompetency in fact at the time of his guilty pleas on October 22, 2001, relies upon relevant medical evidence of (P.T.S.D.) which developed after his sentencing: i.e., outside the time frame for a Pate claim. Likewise, Applicant's second ground, ineffective assistance of trial counsel during the punishment phase, relies upon (P.T.S.D.) as previously unavailable factual evidence, when his initial 11.07 application was considered on March 19, 2008.

11.073 Burden of Proof

Applicability:

11.073(a)(1):

1

Texas Code of Criminal Procedure Article 11.073(a)(1) applies to Applicant Carlton's combat-related Post-Traumatic Stress Disorder (P.T.S.D.), discovered in 2013 (See Exhibit 1; attached). Carlton's clinically recognized disorder was not available to be offered at his trial in 2001, and is relevant to competency. See Bouchillon v Collins, 907 F.2d 589, 592 n.7 (5th Cir. 1990).

Availability:

11.073(b)(1):

Habeas Corpus relief is available for Applicant Carlton's Article 11.07 application raising the issue of incompetency in fact, not requested at the time of trial. See Ex parte Tuttle, 445 S.W.2d 194, 198 (Tex. Crim. App. 1969); Zapata v Estelle, 588 F.2d 1017, 1021 (5th Cir. 1979); and

11.073(b)(1)(A):

Relevant "soft" scientific evidence of (P.T.S.D.), discovered by psychiatrists at the Veterans Administration Medical Center in 2013, was not available at the time of trial in 2001, because Applicant Carlton was not examined for any service-connected disorders before or during his trial. And as an indigent defendant, he was not required to employ his own expert. See Ake v Oklahoma, 470 U.S. 68 (1965).

11.073(b)(1)(B):

Testimony pertaining to Applicant Carlton's suffering from (P.T.S.D.) at the time of his guilty pleas and sentencing would be admissible, as expert opinion at a trial held on the date of application, assisting the trier of fact with understanding the evidence or to determine a fact issue. See TEXAS RULES OF EVIDENCE 702; and

11.073(b)(2):

Evidence of Applicant's (P.T.S.D.), not presented at trial, supports a finding by the trial court that, by a preponderance of the evidence, Mr. Carlton would not have been convicted. Here, the plain language of Subsection (b)(2)'s

2

phrase "would not have been convicted," like the outcome determination test of Strickland, does not turn on the validity of the result, viz, guilt or innocence, but competence: Since to "convict" an incompetent person is a per se due process violation, guilt or innocence is irrelevant. Cf, Ex parte Robbins, No. Wr-73, 484-02.

11.073(c) & (d) Diligence:

For purposes of determining whether Applicant's claim of incompetence in fact could have been presented in his previously considered 11.07 application, Applicant was diligent in seeking help for his mental condition at the Veterans Administration Medical Center in 2000. Too, Applicant informed Mr. Loper of the care he received at (V.A.M.C.). And inspector Eddie Rodriguez informed Judge Campbell about Carlton's history of mental problems. Again, Mr. Carlton complained on appeal, and appellate counsel, Mark Rubal, obtained affidavits regarding the lack of expert psychological assistance for trial. Applicant's mother and other family members also testified on his behalf regarding mental issues.

Further, in making its findings as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before Applicant's initial 11.07 application was considered, developments in identifying and diagnosing (P.T.S.D.) have greatly improved. Even as recently as 2013, the American Psychological Association has made some major changes to diagnosing symptoms of (P.T.S.D.) in its DSM-V manual (See online article attached as Exhibit 7 to the application). Those changes were also adopted by the United States Department of Veterans Affairs in 2013 (See online article also attached as Exhibit 7). Pertinently, Applicant Carlton was examined, diagnosed and routinely treated by the (V.A.M.C.) in 2000, according to his mental history: Applicant was evaluated and diagnosed with a depressive disorder as a criminal/parolee, not as a war veteran. It is at least hopeful that recent changes in

3

the past decade would prevent the misdiagnosis of (P.T.S.D.) as bipolar depression today.

Nonetheless, the Court should also consider that Texas law now mandates that combat-related (P.T.S.D.) be included in the (PSI) report. See TEXAS CODE of CRIMINAL PROCEDURE Article 42.12, §9(1). Moreover, Texas Legislators have given commissioner's courts the power to create veteran's courts in Texas, twenty-two of which exist, to handle both felony and misdemeanor crimes committed by combat veterans, like Applicant Carlton, who are suffering from (P.T.S.D.).

Hence, the instant application contains specific facts indicating that relevant scientific evidence of (P.T.S.D.), now available, was not available at the time of trial because the evidence was not ascertainable through the exercise of reasonable diligence, and would be admissible under Texas Rules of Evidence 702 at a trial held on the date of application. And had evidence of (P.-T.S.D.) been presented at trial on the preponderance of the evidence, if incompetent, Applicant Carlton would not have been convicted. Furthermore, for purposes of section 4(a)(1), evidence regarding competency could not have been presented in Applicant's original 11.07 application in 2008, because the claim is based upon relevant sceintific evidence of (P.T.S.D.) from 2013, that was not ascertainable through the exercise of reasonable diligence by Applicant on or before the date the original application was considered. And in making its finding as to whether evidence of (P.T.S.D.) was not ascertainable, improved changes in diagnosing (P.T.S.D.) together with statutory provisions intended to focus specifically on service-connected disabilities, Carlton's competency issue today would mandate an inquiry. Thusly, the Court may address the merits of Applicant Carlton's substantive claim of incompetence in fact.

## Applicant Carlton's Burden of Proof
### Under Sections 4(a)(1) & (c)

Whether the Court is barred from considering the merits of Applicant

4

Carlton's claim of ineffective assistance of counsel turns on whether the facts giving rise to the claim presented could not have been presented in the initial application, because they were "not ascentainable through the exercise of reasonable diligence on or before the date of the initial application." See Ex parte Lemke, 13 S.W. 3d 791, 793 (Tex. Crim. App. 2000).

Facts:

As mentioned briefly, on November 7, 2013, representative Gregory Treacy, from Paralized Veterans of America, Inc., approached the Veterans Administration with evidence for deciding Mr. Carlton's claim of combat-related Post-Traumatic Stress Disorder (P.T.S.D.) (Mr. Treacy's evidence is itemized on page 2 of the Veterans Administration's December 9, 2013 decision; attached to this application as Exhibit 1). The Veterans Administration's rating decision ultimately reflects results from the personal examination of Mr. Carlton on November 7, 2013, conducted by psychiatrists at (VAMC) in Houston. The V.A. rated Mr. Carlton's disability at:

1. Service connection for mood disorder NOS (claimed post-traumatic stress disorder) (P.T.S.D.) is granted with an evaluation of 50 percent effective July 26, 2013.

2. Service connection for irritable bowel syndrome is granted with an evaluation of 30 percent effective November 29, 2012.

Id.

Applicant's initial application, raising the issue of ineffective assistance of trial counsel, was filed in the 248th District Court, Harris County, Texas, on December 13, 2006 (Tr. Writ No. 868139-A, 868140-A, 873521-A). After ordering trial counsel, Robert Kent Loper, to file an affidavit (Affidavit attached to the application as Exhibit 4), the case was resolved without a hearing. Considering the issue presented, and counsel's affidavit, the trial

5

court recommended that the claim be denied. And on March 19, 2008, the Court of Criminal Appeals denied the application without written order (No. WR-33,813-03, WR-33,813-04, WR-33,813-05)(White Card).

"Reasonable Diligence"

"Reasonable Diligence" within the context of Article 11.07 Section 4 TEX. CODE CRIM. PROC., as explained in Ex parte Lemke, supra, 13 S.W. 3d at 794, "suggests at least some kind of inquiry has been made into the matter at issue." In the instant case, Mr. Carlton's notice of appeal, motion for new trial and attached affidvits, together with appellate counsel, Mark Rubal's attestation in the appellate brief, and the issue presented in the initial 11.07 application (each document alleging defense counsel failed to investigate defendant's mental condition despite repeated requests for expert assistance), all suggest various attempts of inquiry into the matter of obtaining expert psychological assistance. In fact, Mr. Loper's own pretrial, Ake motion affirms that Mr. Carlton's mental condition was an issue as early as July 17, 2001 (See Ake motion attached to the application as Exhibit 5).

Thus, the facts in record support a determination, that after making inquiries of Mr. Loper, Applicant Carlton exercised "reasonable diligence," in attempting to have expert psychological assistance even before trial, and repeatedly inquired to the lack thereof immediately thereafterwards. See Lemke, supra, at 794 (holding applicant exercised "reasonable diligence" by making several inquiries of his lawyer as to the existence of plea bargain offers by the State). Given that the record proves Applicant made several inquiries, and that Judge Campbel granted defense's motion for such, with finding, Mr. Carlton's efforts of diligence were shut down by Mr. Loper's representation, and he has satisfied Section 4's requirement of "reasonable diligence."

Consequently, the instant application "contains sufficient specific facts establishing" that Carlton's claim that Mr. Loper's failure to investigate his

6

mental condition, contact physicians, and obtain expert psychological assistance for punishment, is one that could not have been presented in the initial application because the factual basis for the claim, that Carlton was suffering from (P.T.S.D.), was "unavailable" (in that it was not ascertainable through the exercise of reasonable diligence) on March 19, 2008, and the Court may therefore address the merits of ground two in the instant application.

## CERTIFICATE OF SERVICE

I, <u>Charles Claude Carlton</u>, undersigned, certify that a true and correct copy of Applicant's Objections and Response to The Trial Court's Ruling, Pursuant to Texas Code of Criminal Procedure Article 11.07 under rule 73.4(2), was sent to:

    Court of Criminal Appeals
    P.O. Box 12308, Capitol Station
    Austin, TX 78711

    Chris Daniel
    Harris County District Clerk
    1201 Franklin, P.O. Box 4651
    Houston, TX 77210 - 4651

on, _August 10th_ , 2015.

                                        Charles C. Carlton
                                        Applicant   Pro Se

7